

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 3, 2020

United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ROBERT DIAL SPARKS, | § § | CASE NO. 20-50079-rlj11V |
| Debtor. | § § | |

### MEMORANDUM OPINION AND ORDER

William T. Neary, the United States Trustee, objects to the homestead exemption claimed by the debtor, Robert Sparks, because Sparks "has simultaneously claimed a home located at 79th Street as his homestead and an *intent* to claim rural property known as the Ellison Place as his homestead." ECF No. 30 (emphasis added).  Sparks, electing Texas exemptions, has indeed claimed his residence on 79th Street in Lubbock, Texas as his exempt homestead.  He has also stated in his Subchapter V Status Report [ECF No. 27] that he intends to sell his home in Lubbock, which, he says, may have as much as $389,000 in equity.  He says he intends to move to Parmer County and use the "net proceeds" from the sale to apply to "some combination" of debt owed to Capital Farm Credit or AgTexas, or both.

The UST doesn't like this idea.  The UST says that Sparks intends to move to the

"Ellison Place" in Parmer County and use the proceeds from the sale of his house in Lubbock to pay-down the debt secured by the Ellison Place and thus realize $100,000 more in equity than the equity he has in his 79th Street property—all to the *potential* detriment of his creditors. The UST notes that, according to Sparks's schedules, the value of the "Ellison Place" is $896,000 and that it is "subject to a security interest of just under $415,000," thereby providing an equity of about $481,000. Sparks's schedules identify four tracts that are each referred to as the "Hawkins-Ellison Place." The total claimed value for the four tracts is $896,000. The legal descriptions for the four tracts are as follows:

- The North Half (N/2) of Section 3, Block A, Capitol Syndicate Subdivision, Parmer County, Texas (value of $320,000)
- The East Half (E/2) of Section 14, Block A, Capitol Syndicate Subdivision, Parmer County, Texas (value of $416,000)
- The S/2 of the NW/4 of Section 18, Block A, Capitol Syndicate Subdivision, Parmer County, Texas (value of $80,000)
- The N/2 of the NW/4 of Section 18, Block A, Capitol Syndicate Subdivision, Parmer County, Texas (value of $80,000)

The UST's objection is perplexing. First, Sparks, as he is entitled to do, has claimed one residential homestead. Assuming its validity, upon sale of his homestead, the net proceeds from the sale are likewise exempt under Texas law for a period of six months. Tex. Prop. Code § 41.001(c). What Sparks intends to do with the proceeds is not presently before the Court. Second, Sparks is not simultaneously asserting two homestead exemptions. His statement of what he intends to do with the proceeds does not constitute an exemption claim—and it is not binding on anybody. Third, a review of the legal descriptions of the tracts that supposedly make-

up the Ellison Place reflects a total acreage that well exceeds any rural homestead claim that Sparks could claim. Any issue of whether the 79th Street residence or the Ellison Place is the proper homestead is not presently before the Court.

The UST's objection to Sparks's exempt homestead claim is denied.

SO ORDERED.

### End of Memorandum Opinion and Order ###